# CASES

# SUPREME COURT OF GEORGIA

## OCTOBER TERM, 1923

### MUSSELWHITE v. THE STATE.

The tax-collectors of this State are required to make monthly statements in duplicate, under oath, of all taxes, both State and county, collected by them, one copy to be filed with the comptroller-general and one to be filed with the proper county authorities of their respective counties. Civil Code, § 1213. These monthly statements are required in addition to the full statement of special taxes which are required to be made to the grand jury under the provisions of section 1218 of the Code, and the quarterly statements of special taxes to the comptroller-general as required by section 1219 of the Code.

No. 3530. OCTOBER 9, 1923.

Certiorari; from Court of Appeals. 29 *Ga. App.* 229. .

*George & Woodward, Crum & Jones, Dorris & Brown,* and *Frank A. Hooper & Son,* for plaintiff in error.

*J. B. Wall, solicitor-general,* and *E. F. Strozier,* contra.

RUSSELL, C. J. Musselwhite was convicted of the offense of embezzlement. His motion for a new trial was overruled, and he excepted to that judgment. Upon the hearing of the writ of error in the Court of Appeals the judgment of the lower court was affirmed. Upon petition for certiorari this court, deeming the main question presented to be one of general interest and importance, granted the writ of certiorari, which is now before us for adjudication. By objection to testimony, by timely requests for instructions, and by exceptions to the charge of the court, the defendant in the trial court urged the point that the tax-collectors of this State are not required to make to the ordinary or other county authorities a monthly statement of special taxes collected by such tax-collectors. Both the trial judge and the Court of Appeals

567

held that the fact that the defendant, who was the tax-collector of Crisp county, had failed to make to the ordinary of Crisp county a monthly statement or statements, as provided in § 1213 of the Civil Code of 1910, was a circumstance which might be considered by the jury in determining his guilt or innocence. He insists that such statement to the ordinary, so far as it relates to special taxes payable by law to the comptroller-general, is not within the purview of §§ 1213 and 1214; that, as the tax-collector is not required to make monthly reports to the ordinary of special taxes collected on behalf of the State, no inference adverse to his innocence could be drawn from the failure to make such reports; and that therefore the admission of testimony to that effect, as well as the instructions with relation to this subject, were erroneous and extremely harmful. As we see it, the determination of all of the exceptions presented in the original writ of error may be reached by the answer to a single question. Must State and county tax-collectors make monthly statements to the ordinaries of their respective counties (or such other officers as may have the supervision of the revenues of their county) of " all taxes both State and county," including special taxes; or do the provisions of § 1213 refer only to ad valorem taxes, excluding special taxes, so that the tax-collectors are not required to make monthly statements of special taxes collected, but only quarterly reports as provided by the terms of § 1219 of the Civil Code?

" The sum and substance of the contentions of the plaintiff in error is that sections 1213 and 1214 of the Code, applying to monthly statements, do not include special taxes and licenses," and attention is called to the provisions of section 1217 of the Code, whereby it is made the duty of the comptroller-general to have prepared and furnish to the several tax-collectors " suitable blanks on which to make the monthly statements as provided for in section 1213." In this connection the attention of the court is called to the fact that the blanks furnished by the comptroller-general contain no reference to special taxes and licenses, nor any space for their entry upon the form of blank supplied by the comptroller-general to the plaintiff in error. It is argued, that the statements introduced contained what the law required, and were made out in accordance with the instructions furnished by the proper authorities to the tax-collector; and that § 1218 and § 1219 alone

have reference to special taxes, including licenses, and as to these the tax-collector is only required, under § 1218, to report to the grand jury at each term of the superior court and to the comptroller-general under the provisions of § 1219. We cannot agree with the contentions of the plaintiff in error, and are of the opinion that there was no error in the judgment of the Court of Appeals affirming the judgment of the trial judge in overruling the motion for a new trial. It is to be borne in mind that the passage of the successive acts of the General Assembly from which §§ 1218 and 1219 and 1213 and 1214 were successively taken, indicated a progressive purpose toward the utmost degree of supervision in the matter of the collection of both State and county taxes. Civil Code sections 1218 and 1219 were codified from the act approved October 20, 1879 (Acts 1878-79, p. 78). The act of 1879, so far as the same relates to the tax-collectors, requires a report to the grand jury on the first day of the term of each court, and a report to the comptroller-general, of the names of the persons or firms paying special taxes, the amount paid, and the date of said payment, to be made at the time he pays said special taxes into the State treasury. Section 1219 also contains the provision of the act approved October 16, 1879, requiring the tax-collectors to make quarterly returns to the comptroller-general under oath (Acts 1878-79, p. 80). Thus stood the law until 1896.

But it must be presumed that for some reason quarterly statements to the comptroller-general and reports to the grand jury on the first day of each term of the superior court were not satisfactory, and that the General Assembly desired that the collections of tax-collectors be more closely supervised; for by the act approved December 24, 1896 (Acts 1896, p. 35), the tax-collectors of the State were not only required to make monthly statements to the comptroller-general but also a monthly statement to the ordinaries of their respective counties, or such other officers as may have supervision of the revenues of their counties; and not only this, but to pay monthly into the State treasury, or into such banks as are designated by the Governor as State depositories, the hundreds of dollars of the State's part of the taxes, and into the county treasury the hundreds of dollars of the county's part of the amount in said statement. The passage of the act of 1896 indicated a purpose on the part of the General Assembly to place additional checks and safe-

guards upon and around the tax-collectors of the State. The pro-visions of the act of 1896 are not in any way inconsistent with nor did they affect the previous law which required reports to be made at each term of the court to the grand jury; nor was it inconsistent with the prior provision which required a quarterly statement to the comptroller-general; for if all the reports of the tax-collector were correct the quarterly report would tally with the three month-ly reports included within the quarter. The purpose of the report which was required to be made to the ordinary, and which was to be a duplicate of the monthly report filed with the comptroller-general, is very plain. It was to place upon the ordinary the duty of calling to the attention of the comptroller-general and of the grand jury any failure on the part of the tax-collector to report special taxes which he ought to have collected or any which he might have collected and failed to report. There is no conflict between the two acts of 1879 and the act of 1896. Close super-vision of collections made by the tax-collectors of the State is the common purpose of both. The act of 1896 merely broadened the scope of the prior legislation. The two acts passed in 1879, now codified in sections 1218 and 1219 of the Civil Code, referred to special taxes only. The act of 1896 covered "all taxes" — general taxes as well as special taxes.

One of the enactments of 1879, both dealing with special taxes, only required the report to be made when the special taxes were paid to the State. The other required a quarterly report to the comptroller-general. The act of 1896 not only added (a consis-tent provision) that a report of "all taxes" collected be made, but also that the tax-collectors "pay into the State treasury, or such banks as are designated by the Governor as State depositories, the hundreds of dollars of the State's part of the amount in said statement, leaving the fraction of hundred dollars on hand, and which will constitute the first item in the next month's statement; they shall also, at the same time, after deducting their commissions for collecting the county's part of the taxes, pay into the county treasury the hundreds of dollars of the county's part of the amount in said statement, leaving the fraction of hundred dollars on hand, and which will constitute the second item in the next month's statement." Civil Code (1910), § 1215. Thus not only was pro-vision made for speedier payment to both State and county of their

necessary incomes, but specific direction was given as to the preparation of the next succeeding statement by enumerating the first and second item to be given in the next statement and affording a ready reference which would make each statement corroborative of its predecessor. Another addition to the act of 1879 made by the act of 1896, which is not in any wise inconsistent with them, is found in section 1216 of the Code, which imposes a forfeiture of commission as a penalty for failure to make the monthly statement. As we have just stated, the passage of both of these acts, as well as later legislation upon this subject, merely evidences the adoption of a consistent plan devised and ordained for the purpose of effecting a closer supervision by both State and county authorities over the collection of taxes. The defendant in the present case, as a tax-collector, was required to make monthly statements of all taxes, both State and county. If he had collected any special taxes (or any portion of the general taxes) which did not appear upon his monthly statements, this circumstance might be one which would demand explanation, the probative value of the circumstance being a matter for the jury.

Inasmuch as we find no error in the conclusions reached by the Court of Appeals, it is unnecessary to deal with the various assignments of error presented in the motion for new trial, especially since the plaintiff in error admits in the argument in his brief that the sum and substance of his case depends upon whether the tax-collector is required to make a monthly statement, as quoted elsewhere in this opinion.

*Judgment affirmed. All the Justices concur.*